1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**WESTERN DIVISION**

11 **ERIC TREND FRIERSON,** )
                                                    )
12                          **Plaintiff,**           )          **Case  No. CV 15-6444 AJW**
                                                    )
13                          **v.**                   )          **MEMORANDUM OF DECISION**
                                                    )
14 **CAROLYN W. COLVIN,**                            )
   **Acting Commissioner of the Social**             )
15 **Security Administration,**                       )
                                                    )
16                          **Defendant.**            )
   _____ )

17

18          Plaintiff filed this action seeking reversal of the decision of the defendant, the Commissioner of the

19  Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance

20  benefits and supplemental security income benefits. The parties have filed a Joint Stipulation ("JS") setting

21  forth their contentions with respect to each disputed issue.

22                                          **Background**

23          The parties are familiar with the procedural history of this case. [See JS 2].  In a written hearing

24  decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found

25  plaintiff not disabled on the ground that he retained the residual functional capacity ("RFC") to perform

26  work available in significant numbers in the national economy. [See JS 2; Administrative Record ("AR")

27  23-31].

28

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff contends that the ALJ erred in failing to obtain vocational expert testimony to support his finding that plaintiff could perform alternative work available in significant numbers in the national economy. [See JS 5-12].

The ALJ found that plaintiff retained the RFC to perform the "full range of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b)." [AR 26]. Specifically, the ALJ found that plaintiff could perform the lifting, carrying, standing, sitting, and walking requirements of light work and could frequently push and pull. As for nonexertional limitations, the ALJ found that plaintiff could frequently climb ramps and stairs; frequently balance, kneel, and crawl; walk on uneven terrain; climb ladders; work at heights; frequently use the right (dominant) hand for fingering and handling (that is, for fine and gross manipulation); use the left hand without limitations; and that plaintiff "requires a cane for long distance ambulation." [AR 26]. The ALJ concluded that since plaintiff could perform the "full range of light work," a finding of "not disabled" was "directed by Medical-Vocational Rule 202.21." [AR 30].

At step five of the five-step sequential evaluation process, the Commissioner bears the burden of proving that the claimant can perform "other jobs that exist in substantial numbers in the national economy."

Lewis v. Apfel, 236 F.3d 503, 508 (9th Cir. 2001).  The Commissioner may meet this burden: (1) by relying on the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, also known as the "grids," Tackett v. Apfel, 180 F.3d 1094, 1099, 100-1101 (9th Cir. 1999).

> The Ninth Circuit
> has clearly delineated when it is appropriate for the Commissioner to rely on the grids in meeting the burden under Step Five of the five-part disability inquiry. [It has] held that the Commissioner's need for efficiency justifies use of the grids at step five but only when the grids completely and accurately represent a claimant's limitations.  In other words, a claimant must be able to perform the full range of jobs in a given category in order for the Commissioner to appropriately rely on the grids.

Bruton v. Massanari, 268 F.3d 824, 827-828 (9th Cir. 2001) (internal quotation marks, citations, and brackets omitted); see Tackett, 180 F.3d at 1101-1102. Thus, reliance on the grids will be inappropriate where the predicate for their use—the ability to perform a full range of either medium, light or sedentary activities—is not present.  Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); see Bruton, 268 F.3d at 828 ("We have also held that significant non-exertional impairments may make reliance on the grids inappropriate. A non-exertional impairment is an impairment that limits the claimant's ability to work without directly affecting his strength.") (internal quotation marks, ellipsis, citations, and brackets omitted). "When the grids match the claimant's qualifications, the guidelines direct a conclusion as to whether work exists that the claimant could perform. When the grids do not match the claimant's qualifications, the ALJ can either (1) use the grids as a framework and make a determination of what work exists that the claimant can perform, or (2) rely on a vocational expert when the claimant has significant non-exertional limitations." Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007) (internal quotation marks and citations omitted); see 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200.00(e)(2) (stating that if a finding of disabled is not possible based on "strength limitations alone," the grid rules "provide a framework for consideration" of how much the individual's nonexertional limitations diminish his or her "work capability" and the "types of jobs" the individual can perform); Lounsbury v. Barnhart, 468 F.3d 1111, 1116 (9th Cir. 2006) ("Because the grids are not designed to establish automatically the existence of jobs for persons with both severe exertional and

non-exertional impairments, they may not be used to direct a conclusion of nondisability.").

The ALJ identified Rule 202.21 as the applicable grid rule. Rule 202.21 directs a finding of "not disabled" when a claimant has an RFC limited to light work, is a younger individual, is "a high school graduate or more," has a history of skilled or semiskilled work, and has no transferable skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.21. The ALJ found that plaintiff could perform the "full range" of light work and that Rule 202.21 directed a finding of "not disabled" without discussing, or indicating that he considered, the significance of plaintiff's nonexertional limitations and the extent, if any, to which they diminish his capability to perform work permitted by his exertional limitations. See Lounsbury, 468 F.3d at 1115 (noting that "nonexertional impairments---including postural and manipulative limitations such as difficulty reaching, handling, stooping, climbing, crawling, or crouching—may, if sufficiently severe, limit a claimant's functional capacity in ways not contemplated by the grids"); Flores v. Colvin, 2016 WL 2743228, at *14 (E.D. Cal. May 11, 2016) ("Use of a medically-required hand-held assistive device is a nonexertional limitation that may significantly restrict a claimant's RFC and the occupational base, even if it not disabling per se."); SSR 83-14, 1983 WL 31254, at *1-*2 (stating that "[n]onexertional impairments may or may not significantly narrow the range of work a person can do," and noting that using the fingers to work with small objects and using the arms to grasp, hold, turn, raise, and lower objects are examples of nonexertional abilities requires at all exertional levels).

Since the grids did not direct a finding of disabled based on plaintiff's exertional limitations alone, and since the ALJ found that plaintiff had nonexertional limitations, the Commissioner's regulations and social security rulings obligated the ALJ either to consider the applicable grid rule as a "framework for decisionmaking," or to obtain vocational expert testimony if plaintiff's nonexertional limitations were "at a sufficient level of severity such as to make the grids inapplicable to the particular case." Hoopai, 499 F.3d at 1076; see SSR 83-14, 1983 WL 31254, at *1 ("No table rule applies to direct a conclusion of 'Disabled' or 'Not disabled' where an individual has a nonexertional limitation or restriction imposed by a medically determinable impairment. In these situations, the table rules are used, in conjunction with the definitions and discussions provided in the text of the regulations, as a *framework for decisionmaking*.") (italics added); see Tackett, 180 F.3d at 1102 (noting that while the existence of a nonexertional limitation "does not automatically preclude application of the grids," the ALJ "should first determine if a claimant's

non-exertional limitations significantly limit the range of work permitted by his exertional limitations"). The ALJ should have used the applicable grid rule as "the starting point to evaluate what the person can still do functionally" and "to determine how the totality of limitations or restrictions reduces the occupational base of administratively noticed unskilled sedentary, light, or medium jobs," utilizing a vocational expert if appropriate. SSR 83-14, 1983 WL 31254, at *3; see also SSR 83-14, 1983 WL 31254, at *4 (stating that even in "what appear to be 'obvious' types of cases," using "a vocational resource may be helpful . . . . In more complex situations, the assistance of a vocational resource may be necessary.").

The Court declines defendant's invitation to draw a chain of inferences to make the factual determination that plaintiff's nonexertional limitations, including his need for a cane for "long distance ambulation" and his dominant hand restriction, do not significantly restrict the light occupational base administratively noticed in the grids so as to obviate the need for vocational expert testimony. [See JS 8-10]. That determination should have been made by the ALJ in the first instance. Remand is appropriate for the limited purpose of permitting the ALJ to make a properly supported finding at step five, either by using the grids as a "framework for decisionmaking" or by obtaining vocational expert testimony. See Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (stating that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)).

## Conclusion

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and does not reflect application of the proper legal standards. Accordingly, the Commissioner's decision is **reversed**, and this case is **remanded** to the Commissioner for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

June 2, 2016

_____
ANDREW J. WISTRICH
United States Magistrate Judge